NO. 07-05-0275-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 8, 2005



______________________________


 

IN THE INTEREST OF C.K.T., T.M.T., AND V.M.T.


_________________________________



FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;



NO. 23,501; HONORABLE TOM NEELY, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Freddie L. Thrash, filed a notice of appeal from a final decree entered on
April 28, 2005. The appellate record was complete on filing of the reporter's record
October 7, 2005. See Tex. R. App. P. 34.1. By letter dated November 22, 2005, the clerk
of this court notified counsel for appellant that appellant's brief was due November 7, 2005,
but had yet to be filed. See Tex. R. App. P. 38.6(a). The letter further advised appellant
that the appeal would be subject to dismissal for want of prosecution if the brief, or a
response reasonably explaining the failure to file a brief with a showing that appellee had
not been injured by the delay, was not filed by December 2, 2005. No brief, motion for
extension or other response has been received. (1)

 Accordingly, we now dismiss the appeal for want of prosecution and failure to
comply with a directive of the court. See Tex. R. App. P. 38.8(a)(1) and 42.3(b), (c). 


 Mackey K. Hancock

 Justice





1. Appellant filed a Notice of Withdrawal of Appeal on November 4, 2005 but the
Court was not able to act on the motion without the appropriate fee being paid. See Tex.
Gov't Code § 51.207(c)(4). 


d="true"
 DefSemiHidden="true" DefQFormat="false" DefPriority="99"
 LatentStyleCount="267">
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-08-00379-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



SEPTEMBER
28, 2010

 



 

ROQUE REYES, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 140TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2008-419,410; HONORABLE JIM BOB DARNELL, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Roque
Reyes appeals from his conviction by jury of the offense of burglary of a
habitation with intent to commit theft[1]
and the resulting sentence of forty-seven years in the Institutional Division
of the Texas Department of Criminal Justice. 
By one issue, appellant argues the trial court infringed on his rights
under the Confrontation Clause by admitting penitentiary packets into evidence
against him during the guilt-innocence phase of trial.  We find the issue not preserved for our
review, and so affirm the judgment of the trial court.

Background

Appellant plead not guilty to the
indicted charge.  The State presented testimony
showing appellant took an air compressor from the victims garage.  The victim, who interrupted the theft,
testified the compressor was in his garage and appellant would have had to
enter the garage to take it.  During his
case, appellant testified.  He
acknowledged he took the compressor but said it was located in a truck in the
driveway, not inside the garage. 
Appellant denied he entered the garage. 


Appellants complaint on appeal
concerns the prosecutors manner of impeaching him during cross-examination
with his two prior felony convictions. 
Rather than simply asking him about the convictions, the prosecutor
asked him to identify the pen packets and after an exchange about the
packets, offered them into evidence. 
Appellant objected, raising hearsay and lack of authentication
objections.  The court overruled the
objections and admitted the packets.[2]  

Analysis

Although conceding he freely admitted
the prior convictions, appellant nonetheless contends the trial court erred by
admitting the packets, arguing their admission served no purpose other than to
show the jury he actually had served time in the Institutional Division on a
prior occasion.  Noting the relationship
between the right of confrontation and the exclusion of hearsay, appellant argues
admission of the packets violated his rights under the Confrontation Clause of
the Sixth Amendment.  The State contends
appellants constitutional issue was not preserved for our review.  We agree.

To
preserve an issue for appellate review, a party must make a timely objection or
request to the trial court, sufficiently stating the specific grounds for the
requested ruling, unless apparent from the context, and obtain an adverse
ruling. See Tex. R. App. P. 33.1(a); Wilson v. State, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002). Moreover, the objection or
request at trial must comport with the complaint presented on appeal. Wilson, 71 S.W.3d at 349.
Even constitutional errors may be forfeited by failure to object at trial. Broxton v. State, 909 S.W.2d 912, 918 (Tex.Crim.App. 1995).  The Court of Criminal Appeals reiterated in Reyna v. State, 168 S.W.3d 173, 179 (Tex.Crim.App. 2005) that a partys hearsay objection to
offered evidence does not preserve error on a Confrontation Clause ground.  The precept is applicable here.  Accordingly, we overrule appellants issue,
and affirm the trial courts judgment.

                                                                                                                                                                                                                                                                                                                                                                                                                        James
T. Campbell

                                                                                                            Justice

Do not publish.

 

 

            








 











[1] See Tex. Penal Code
Ann. ' 30.02(a)(1), (c)(2) (Vernon 2003).

 





[2] The courts charge
instructed the jury to consider the prior convictions only in determining
appellants credibility.